February 6, 1911.

———o———

5144.

(Court of Appeal, Parish of Orleans.)

## MRS. MARIE DESPOMMIER, WIDOW OF CHARLES PLATZ vs. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

Although weight should be given to the verdict of a jury, yet, when such verdict is not unanimous, appears to be largely sympathetic and is manifestly erroneous, it will be reversed.

Appeal from the Civil District Court, Division "C."

Dart, Kernan & Dart, for plaintiff and appellee.

Denegre, Blair & V. Leovy, for defendant and appellant.

DUFOUR, J.—The defendant appeals from a judgment awarding damages against it for injuries to the plaintiff, alleged to have been caused by the sudden starting with jolt and jerk of one of defendant's trains which precipitated the plaintiff to the ground.

The accident occurred at West End, the station just before Pass Christian, when traveling eastward.

The plaintiff's theory is that, as she was about to alight from the car platform, the train started roughly and threw her to the ground; the defendant's view is that the plaintiff, upon reaching West End, delayed until the train was started and then attempted to get off while the train was in motion.

It is not claimed that the train did not remain the usual time at the station, and sufficiently long to enable passengers to alight.

The plaintiff's testimony, that of her companion on the trip, Miss Vaughn, and of a hackman, Thompson, is to the effect that the train suddenly started as the plaintiff was getting out and jolted her to the ground.

Eliminating the testimony of the railroad officials, this is contradicted by three disinterested witnesses.

Collins, a clerk in a New Orleans bank, who helped the plaintiff off the car, Brown, an employee of a local drug store, and Stewart, an employee of a Mississippi lumber company, all say that the train was in motion when the plaintiff endeavored to alight.

We can see no reason for discrediting these witnesses who appear to be without bias and interest and particularly so, when we find that the verdict of the jury was not a unanimous one, and, in the light of the whole record, conveys the impression of being largely sympathetic.

Neither do we believe that the testimony of the two ladies is to be viewed with suspicion, but it is quite apparent that they were nervous and agitated about reaching their destination. They began making inquiries in the matter before the train reached Henderson's Point, and were evidently in a state of trepidation when being informed by the "pie butcher" that they had reached West End, they proceeded to get down immediately.

Under the circumstances, neither prudence of action nor clearness of observation is to be expected, and we are reluctantly forced to the conclusion that plaintiff's excitement contributed to her injury.

It was her plain duty to make no attempt to leave the moving train and, if carried beyond her destination through defendant's fault, a different cause of action might have afforded her relief.

It is but seldom that we disturb a verdict and judgment in matters of facts, but we think that manifest error has been committed herein.

Judgment reversed and plaintiff's demand is rejected at her cost in both courts.

February 6, 1911.

Rehearing refused, March 6, 1911.